## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

DAVID M. MAHER, )
 )
 Plaintiff, )
 )
v. ) Case No. CIV-14-112-RAW-KEW
 )
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security Administration, )
 )
 Defendant. )

### REPORT AND RECOMMENDATION

Plaintiff David M. Maher (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on November 2, 1953 and was 58 years old at the time of the ALJ's decision. Claimant completed his education through the eighth grade but received his GED while in the military. Claimant has worked in the past as an accounting clerk.

3

Claimant alleges an inability to work beginning December 8, 2009 due to limitations resulting from pain in his feet and hands.

## Procedural History

On September 8, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge Lantz McClain ("ALJ") by video on June 8, 2012 with Claimant appearing in Muskogee, Oklahoma and the ALJ presiding in Tulsa, Oklahoma. The ALJ issued an unfavorable decision on September 26, 2012. On January 31, 2014, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform his past relevant work. He also concluded Claimant retained the RFC to perform sedentary work.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to include all of Claimant's limitations in assessing his RFC and determining that Claimant could perform his past relevant work; (2) failing to properly consider the opinion of Claimant's treating physician; (3) improperly relying upon extra-record information to discredit a physician's opinion; (4) reaching an unsupported finding that Claimant's primary problem was substance abuse rather than diabetic neuropathy; and (5) failing to give any weight to the finding Claimant was disabled from his past work for purposes of receiving disability retirement benefits.

**Consideration of Claimant's Medically Supported Limitations**

In his decision, the ALJ determined Claimant suffered from the severe impairments of diabetes mellitus with neuropathy and a history of alcohol and drug addiction. (Tr. 13). He concluded that Claimant retained the RFC to perform sedentary work in that he was able to occasionally lift and/or carry up to ten pounds, able to stand and/or walk at least two hours in an eight hour workday with normal breaks and can sit at least six hours in an eight hour workday with normal breaks. Claimant was unable to do more than frequent reaching, handling, or fingering. (Tr. 18). The ALJ also found Claimant could perform his past relevant work as an

5

accounting technician in government employment. (Tr. 22). The vocational expert supported this finding in his testimony. Id. Based upon these findings, the ALJ concluded Claimant was not disabled from September 8, 2010 through the date of the decision. (Tr. 23).

Claimant first contends the ALJ's findings on his concentration, persistence or pace are internally inconsistent. At one point in the decision, the ALJ found that these functions were "not more than moderately limited." (Tr. 17). One paragraph later on the same page, the ALJ finds Claimant suffered from "no more than mild difficulties" in concentration, persistence or pace. Id. Defendant attempts to explain that this distinction was made by the ALJ to contrast between when Claimant was not engaged in substance abuse and when he was sober. The apparently conflicting findings, however, are both contained within the section entitled "Degree of Limitation Factoring Out the Substance Addiction." The impact of this inconsistency lies in the ALJ's finding that Claimant could return to his past relevant work as an accounting clerk - an occupation requiring skilled activities - rated at an SVP of 5 and Reasoning Level of R4 with an ability to perform detailed/complex tasks. *Dictionary of Occupational Titles,* 216.482-010. On remand, the ALJ shall clarify his findings regarding Claimant's mental

limitations and determine the effect of that finding upon Claimant's ability to engage in his skilled past relevant work.

**Consideration of the Treating Physician's Opinion**

On March 23, 2011, Dr. Elgin, Claimant's treating physician, completed a Medical Source Statement. He found Claimant suffered from diabetic peripheral neuropathy with a "fair" prognosis. He determined Claimant could sit/stand/walk for 10-30 minutes each during an 8 hour workday and could stand/walk for less than 2 hours and sit for about 4 hours total in an 8 hour workday. Dr. Elgin included a sit/stand/walk alternating option every 10-30 minutes. (Tr. 282). Dr. Elgin found Claimant could frequently lift/carry up to 5 pounds, occasionally lift/carry 6-10 pounds, and infrequently lift/carry 11-20 pounds. He determined Claimant could infrequently bend, squat, crawl, climb, and reach. He estimated Claimant would need unscheduled breaks every 10-30 minutes and that Claimant's pain, medications, fatigue, and weakness limited his ability to work. (Tr. 283).

Dr. Elgin found Claimant was moderately limited due to medications in the functional area of the ability to understand, remember, and carry out very short and simple instructions and that Claimant was markedly limited in the areas of the ability to understand, remember, and carry out detailed instructions, ability

7

to maintain attention and concentration for extended periods, ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, and the ability to complete a normal workday and workweek without interruption from pain or medication based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. 283-84). He estimated Claimant would have "good days" and "bad days" more than three times a month. He found Claimant had sores on both hands and left foot, diabetes, abnormal CT of abdomen and chest and abnormal vein occlusion. (Tr. 284). Dr. Elgin also found in a treatment record from April 5, 2012 that Claimant's diabetic neuropathy could get worse if he began working again. (Tr. 292).

The ALJ declined to give Dr. Elgin's opinion "controlling weight". In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the

8

opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical

9

opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted). While the ALJ may not have given Dr. Elgin's opinion controlling weight, he was required to proceed to the next step of the analysis and determine what reduced weight the opinion should be afforded and provide a specific, legitimate basis for the reduced weight. The ALJ failed in this portion of the analysis and shall re-evaluate Dr. Elgin's opinion on remand.

### Consideration of Extra-Record Information

Claimant also contends the ALJ improperly relied upon a medical publication in discrediting the nerve conduction testing performed by his physicians. Indeed, the ALJ cited to a publication by S.A. King, "Diabetic Peripheral Neuropathic Pain: Effective Management" in his decision to conclude the testing was not appropriate. It is entirely inappropriate for the ALJ to cite to post-hearing evidence, including the cited publication, without affording Claimant the opportunity to review and refute the information. Allison v. Heckler, 711 F.2d 145, 147 (10th Cir. 1983). On remand, the ALJ shall either avoid such citations or provide Claimant with the opportunity to review and respond to the publication.

**Substance Abuse Reliance**

Claimant contends the ALJ improperly found that his prior substance abuse was material when he has not tested positive for drug or alcohol use after he underwent rehabilitation treatment in 2010. The evidence simply does not support the ALJ's conclusion that Claimant's condition would be materially affected by his past substance abuse. The ALJ shall re-examine this finding on remand.

**Finding of Disability**

Claimant asserts the ALJ should have considered the government's finding of disability for purposes of allowing Claimant to retire. Claimant's prior employment with the Federal government ended with a finding of disability for FERS retirement purposes. (Tr. 124, 129-30). "Although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered." Baca v. Dept. of Health & Human Serv., 5 F.3d 476, 480 (10th Cir. 1993) quoting Fowler v. Califano, 596 F.2d 600, 603 (3rd Cir. 1979). An ALJ is required to discuss the "significance of the VA's disability evaluation" in his decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005). The ALJ did not discuss the disability finding of the Federal government. This omission becomes particularly relevant when the ALJ concluded Claimant could perform his past relevant work as an accounting

technician in government employment. (Tr. 22). On remand, the ALJ shall consider the Federal government's disability finding.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 11th day of May, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE